IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APRIL SCHAEFFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON.COM SERVICES, LLC,<br><br>Defendants. | Case No.   3:21-cv-01080 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), through counsel, hereby remove this case from the Circuit Court of Madison County, Illinois to the U.S. District Court for the Southern District of Illinois. In support of removal, Amazon states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Southern District of Illinois embraces the Circuit Court of Madison County, Illinois, where Plaintiff filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

## STATE COURT ACTION

3. On July 26, 2021, Plaintiff April Schaeffer ("Plaintiff") filed a putative Class Action Complaint in the Circuit Court of Madison County, Illinois, Third Judicial Circuit, Law Division (Case No. 2021-C-000876), alleging that Amazon violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq.* *See* **Exhibit A**, attached hereto.

4. Plaintiff alleges that Amazon's voice-based virtual assistant, "Alexa", "collects, captures, or otherwise obtains, and subsequently stores voiceprints of the user, and transcriptions of the voiceprints" and that the "voiceprints and transcriptions constitute 'biometric identifiers' and/or 'biometric information' regulated by BIPA." Ex. A, Compl. ¶ 11.

5. Plaintiff alleges Amazon violated BIPA by:

    a. (1) "not developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers . . . " in alleged violation of BIPA Section 15(a), *id.* ¶ 12;

    b. (2) "selling, leasing, trading, or otherwise profiting from the biometric identifiers and/or biometric information of others" in alleged violation of BIPA Section 15(c), *id.*;

    c. (3) "disclosing, redisclosing, or otherwise disseminating the biometric identifiers or biometric information of others without their consent . . ." in alleged violation of BIPA Section 15(d), *id.*; and

      d. (4) "not storing, transmitting, and/or protecting from disclosure all biometric identifiers and/or biometric information in its possession" in a manner required by BIPA Section 15(e), *id.*

6. Plaintiff requests, on behalf of herself and the class, an order awarding: injunctive relief by requiring Amazon to comply with BIPA; statutory damages for each of Amazon's alleged BIPA violations, pursuant to 740 ILCS 14/20; and reasonable litigation expenses and attorneys' fees. *Id.* at p. 25–26.

7. Plaintiff has not yet served the Complaint and Summons on Amazon.

8. No further proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (Madison County Clerk of the Circuit Court, Electronic Docket Search, Court Docket for Case Number 2021-L-000876 (August 31, 2021)).

## TIMELINESS

9. Removal is timely because Amazon has not yet been served with the Complaint. The removal statute requires a defendant to file a notice of removal no later than 30 days after service, so removal is timely. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million.

### CLASS SIZE

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll Illinois residents who (a) own an Alexa device located in Illinois from which, during the Class Period, Amazon has taken possession of (i) the person's voiceprint and/or (ii) a voiceprint transcript, acoustic model of voice characteristics, or other information

created from a voiceprint that is linked to the person; and (b) who have suffered no injury from Amazon's violations of BIPA § 15(a), (c), (d), and/or (e) other than statutory aggrievement." Ex. A ¶ 70.

12.     Plaintiff alleges that "Alexa is integrated into and compatible with over 100,000 products" and that Amazon has stored "what likely amounts to hundreds of millions, if not billions, of voiceprints." *Id*. ¶¶ 10, 51.  Based on this allegation alone, it can be reasonably inferred that at least 100 persons in Illinois had their voiceprints captured by an Alexa device. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").  Moreover, Amazon's records indicate that there are more than 100 purchasers of Alexa-enabled devices in Illinois.

## MINIMAL DIVERSITY OF CITIZENSHIP

13.     There is minimal diversity of citizenship among the parties.  Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.     Plaintiff resides in and is a citizen of Illinois.  *See* Ex. A ¶ 1.

15.     Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington. *Id*. ¶ 2.  A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Amazon.com, LLC is a Delaware limited liability company with its principal place of business in Washington.  *Id*. ¶ 3.  Under CAFA, an LLC is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).   Thus, Amazon is a citizen of Delaware and Washington for diversity purposes.

16.     Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

## AMOUNT IN CONTROVERSY

17.     The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18.     To demonstrate that the amount-in-controversy requirement is met, Amazon need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

19.     Amazon denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

20.     Plaintiff alleges "willful or reckless" violations of BIPA, *e.g.*, Ex. A ¶¶ 88, 101, 109, 117 which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff alleges that Amazon has stored "what likely amounts to hundreds of millions, if not billions, of voiceprints." *Id.* ¶ 51. Thus, based solely on the Complaint's allegations (which Amazon denies),

if each voiceprint is considered one "violation" of BIPA, and if there are only 1,001 members of the class (in reality, there are many more),—recovery of greater than $5 million is legally possible (*i.e.*, 1,001 voiceprints x $5,000 statutory damages = $5,005,000.0.).[1]  *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

## NOTIFICATIONS

21. Amazon will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

22. Amazon will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Madison County, Illinois, Third Judicial Circuit, Law Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

23. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Amazon reserves the right to remove this action at the appropriate time.  *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

24. Amazon reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

---

[1] Amazon includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct.  Amazon also does not concede that every alleged voiceprint represents a separate violation of BIPA.  Moreover, in providing this estimate of the size of the putative class, Amazon reserves all rights regarding the statute of limitations applicable to claims under BIPA.

## **CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

DATE: August 31, 2021	**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington
Gregory T. Fouts
Alex D. Berger (*PHV to be submitted*)
Alborz Hassani
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
gregory.fouts@morganlewis.com
alex.berger@morganlewis.com
al.hassani@morganlewis.com

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31ˢᵗ day of August, 2021, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Thomas P. Rosenfeld
Kevin P. Green
2227 South State Route 157
Edwardsville, IL 62025
(618) 656-5150
tom@ghalaw.com
kevin@ghalaw.com


                                                            /s/ *Elizabeth B. Herrington*
                                                            Elizabeth B. Herrington