# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APRIL SCHAEFFER, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON.COM., and<br>AMAZON.COM SERVICES, LLC,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)  Case No.: 3:21-cv-01080-SPM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff April Schaeffer, pursuant to 28 U.S.C. §1447(c), moves to remand this case to the Circuit Court of Madison County, Illinois, where it was originally filed. In support, Plaintiff states as follows:

## INTRODUCTION

Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Plaintiffs' Class Action Complaint ("Complaint") against Defendants Amazon.com, Inc. and Amazon.com Services, LLC ("Amazon") alleges narrow claims of statutory aggrievement under §§15(a), (c), (d), and (e) of Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, with no claim of particularized harm. *See, e.g.*, Compl. ¶ 13 ("Although Plaintiff has not suffered a particularized harm from Amazon's conduct, her statutory rights under BIPA have been violated, and she is 'aggrieved' under the statute.").

Three recent Seventh Circuit cases involving BIPA establish that the Court lacks subject matter jurisdiction in this case. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020), as amended (June 30, 2020); *Fox v. Dakkota Integrated Systems*, LLC, 980 F.3d 1146

1

(7th Cir. 2020); *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241 (7th Cir. 2021).  These cases recognize that, although an unlawful *collection* and *retention* of a person's biometric data constitute concrete and particularized injuries conferring Article III standing, *Fox*, 980 F.3d at 1155, "'a bare procedural violation, divorced from any concrete harm,' does *not* 'satisfy the injury-in-fact requirement of Article III.'"  *Bryant*, 958 F.3d at 621 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016)), as revised (May 24, 2016)) (emphasis added); *see also Thornley*, 984 F.3d at 1245.

In this case, Plaintiff excludes claims related to the unlawful collection and retention of her data and, instead, asserts only claims related to Amazon's "bare procedural violations" that have caused her to be "aggrieved" under BIPA.  That is, Amazon, an entity in possession of the biometric data of Plaintiff and the Class, had procedural requirements to satisfy under BIPA, and its failure to do so means Plaintiff and the Class are "aggrieved" under BIPA.  Plaintiff specifically alleges a narrow class of people who, *inter alia*, "have suffered no injury from Amazon's violations of BIPA § 15(a), (c), (d), and/or (e) other than statutory aggreivement."  Compl. p. 17.  "[A] plaintiff is the master of her own complaint" and "may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury."  *Thornley*, 984 F.3d at 1246, 1248-49 (citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 ¶¶ 22-23).

In short, under the Seventh Circuit's decisions in *Bryant, Fox* and *Thornley*, Amazon cannot satisfy its burden of establishing an alleged concrete and particularized harm necessary to confer Article III standing.  Accordingly, pursuant to Section 1447(c), this Court should remand this case back to the Circuit Court of Madison County, Illinois.

## BACKGROUND

This case involves violations of BIPA's regulatory scheme governing Amazon, an entity in possession of biometric identifiers and biometric information—specifically, voiceprints and information derived therefrom—obtained after a person speaks to a device containing Amazon's Alexa voice-based virtual assistant ("Alexa").

Plaintiff owns two Amazon Echo devices equipped with Alexa. Compl. ¶ 65. After Plaintiff spoke into the Alexa devices, Amazon came into possession of her voiceprint, acoustic models, and other information created from the voiceprint that can identify her. Compl. ¶ 67. Plaintiff asserts several violations of BIPA's regulatory scheme governing entities such as Amazon in possession of biometric data.

First, Plaintiff alleges Amazon violated BIPA § 15(a) because "[f]or some or all of the Class Period, Amazon did not develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information to occur by the earlier of: (a) when the original purpose for collecting or obtaining such identifiers has been satisfied, or (b) within 3 years of the individual's last interaction with the private entity, as required by 740 ILCS 14/15(a)." Compl. ¶ 84. Plaintiff does not allege a § 15(a) violation based on Amazon's failure to comply with such a policy or unlawful retention of biometric data.

Second, Plaintiff alleges that Amazon "violated [BIPA §] 15(c) by selling, leasing, trading, or otherwise profiting [from] biometric identifiers and/or biometric information in its possession." Compl. ¶ 97.

Third, Plaintiff alleges that Amazon violated § 15(d) because "for some or all of the Class Period, Amazon disclosed, redisclosed, or otherwise disseminated biometric identifiers and/or

biometric information in its possession to third parties" without meeting the statutory requirements of § 15(d) (which prohibits disclosing, redisclosing, or otherwise disseminating the biometric identifier or biometric information of others without their consent and without satisfying the other requirements of 740 ILCS 14/15(d)(1)-(4)).  Compl. ¶¶ 103-105.

Finally, Plaintiff alleges that Amazon violated § 15(e) because "[f]or some or all of the Class Period, Amazon has failed to store, transmit, and protect from disclosure the biometric identifiers and/or biometric information in its possession using the reasonable standard of care within the industry" or "in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  Compl. ¶¶ 111-112.

Although Plaintiff alleges Amazon was in possession of her biometric data, she does *not* allege an unlawful collection of her biometric data under § 15(b) or an unlawful retention of her biometric data.  Plaintiff also alleges that she has suffered no injury as a result of the alleged violations of § 15(a), (c), (d), and (e), other than statutory aggrievement.  Compl. ¶¶ 87, 100, 108, 116.  Instead, she seeks relief only for Amazon's procedural violations of BIPA.

Plaintiff seeks to represent the following class of similarly-situated individuals who have only suffered statutory aggrievement:

> All Illinois residents who (a) own an Alexa device located in Illinois from which, during the Class Period, Amazon has taken possession of (i) the person's voiceprint and/or (ii) a voiceprint transcript, acoustic model of voice characteristics, or other information created from a voiceprint that is linked to the person; and (b) who have suffered no injury from Amazon's violations of BIPA § 15(a), (c), (d), and/or (e) other than statutory aggrievement.

Compl. ¶ 70.

Plaintiff filed this action in the Circuit Court for Madison County, Illinois on July 26, 2021.  Before Amazon was served, Amazon removed the action to this Court on August 31,

4

2021. Doc. 1. Amazon's Notice of Removal asserts a basis for federal jurisdiction pursuant to the diversity provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C., §1332(d) and 1453(b). Doc. 1, ¶ 1. Amazon does not address or set forth any basis for a finding of Article III standing in its Notice of Removal.

## THE LEGAL STANDARD

"The federal judiciary is empowered to decide 'Cases' and 'Controversies,' U.S. Const. art. III, § 2, a limitation that confines federal courts to hearing only those disputes that are sufficiently concrete and presented in a form historically recognized as appropriate for judicial resolution." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 (7th Cir. 2020) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). Because of the nature and limits of federal judicial power, jurisdiction must be established as a threshold matter. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (for federal courts, "the first and fundamental question is that of jurisdiction . . . This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citations and internal quotation marks omitted).

"Ordinarily, it is the plaintiff who bears the burden of demonstrating that the district court has subject-matter jurisdiction over her case and that it falls within 'the Judicial Power' conferred in Article III. But more generally, the party that wants the federal forum is the one that has the burden of establishing the court's authority to hear the case." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021) (citations omitted). Thus, "[w]here, as here, a case is

5

removed from state court . . . . *the defendant*, as the proponent of federal jurisdiction must establish the plaintiff's Article III standing." *Fox*, 980 F.3d at 1151.

Standing under Article III requires: (1) plaintiffs to suffer an injury in fact that is concrete, particularized, and actual or imminent; (2) caused by the defendant; and (3) that would likely be redressed by the requested judicial relief. *Thornley*, 984 F.3d at 1244 (citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020)).

"A 'particularized' injury is one that 'affect[s] the plaintiff in a personal and individual way.'" *Fox*, 980 F.3d at 1152 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). "A generalized grievance shared by all members of the public will not suffice." *Id.* (citing *DaimlerChrysler*, 547 U.S. at 342-44). "To qualify as 'concrete,' an injury must be 'real, . . . not abstract.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)).

"Concrete injuries can be either tangible or intangible. Tangible injuries are easy to recognize; monetary losses and physical harms to persons or property are common examples. Intangible injuries can be conceptually more difficult." *Id.* (citing *Spokeo*, 136 S. Ct. at 1549). "[C]laims of an intangible injury from a statutory violation are more difficult still. Congress or a state legislature may identify and elevate historically noncognizable intangible harms to the status of cognizable injuries, but it does not follow that the injury-in-fact requirement is satisfied whenever a statute confers a right or imposes a duty and creates a cause of action for a violation." *Id.* (citing *Spokeo*, 136 S. Ct. at 1549).

As the Supreme Court has explained, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549; *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 n.3 (2021) ("[U]nder Article III and th[e Supreme] Court's precedents, Congress may not authorize plaintiffs who have not suffered concrete harms to sue in

6

federal court simply to enforce general compliance with regulatory law."). That is, "[b]ecause standing is a constitutional requirement, a legislature 'cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Fox*, 980 F.3d at 1152 (quoting *Spokeo*, 136 S. Ct. at 1548). Thus, in *Spokeo*, the Supreme Court "explained that if a plaintiff pleads a statutory claim but alleges only a 'bare procedural violation, divorced from any concrete harm,' he will not have satisfied the injury-in-fact requirement." *Id.* (citing *Spokeo*, 136 S. Ct. at 1549).[1]

Finally, "a plaintiff is the master of her own complaint" and "may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury." *Thornley*, 984 F.3d at 1246, 1248-49 (citing *Rosenbach*, 2019 IL 123186 ¶¶ 22-23).

Here, Plaintiff only alleges statutory violations divorced from concrete and particularized harm, and Amazon has not established Article III jurisdiction under this Circuit's precedent.

## ARGUMENT

### I.   Plaintiff's § 15(a) Claim Should be Remanded.

Section 15(a) of BIPA regulates entities "in possession" of biometric data in two ways. The first sentence of § 15(a) requires that the entities develop a publicly available written policy establishing a retention schedule and guidelines for permanently destroying the biometric data. 740 ILCS 14/15(a). The policy must explain that the data will be destroyed when the initial purpose for collecting or obtaining the data has been satisfied or within 3 years of the

---

[1] This is in contrast to Illinois, which has courts of general, not limited, jurisdiction, and whose Supreme Court has acknowledged that a person whose statutory rights are violated may be "aggrieved" under that statute and entitled to seek recovery without pleading or proving additional consequences. *Rosenbach v. Six Flags Entm't Corp*, 2019 IL 123186, ¶ 33.

7

individual's last interaction with the private entity, whichever occurs first. *Id.* The second sentence of § 15(a) requires the entity to comply with its established retention schedule and destruction guidelines, absent a valid warrant or subpoena. *Id.*

The Seventh Circuit has explained that the duty to develop a publicly available written policy described in the first sentence of § 15(a) "is owed to the public generally, not to particular persons whose biometric information the entity collects." *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). When, as here, a violation of this duty is alleged without any allegation of particularized harm that resulted from the violation, the plaintiff lacks Article III standing. *Id.*

After *Bryant*, the Seventh Circuit clarified its analysis, explaining that some § 15(a) violations do confer Article III standing. This occurs when a plaintiff alleges a violation of the second sentence of § 15(a)—the failure to *comply* with a data-retention/destruction schedule—combined with allegations of an unlawful retention of one's biometric data:

> Unlike in *Bryant*, Fox's section 15(a) claim does not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, Fox alleges a concrete and particularized invasion of her privacy interest in her biometric data stemming from Dakkota's violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, *and comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law. These allegations suffice to plead an injury in fact for purposes of Article III.

*Fox*, 980 F.3d at 1149 (emphasis in original). *See also Hazlitt v. Apple Inc.*, No. 3:20-cv-421-NJR, 2021 U.S. Dist. LEXIS 110556, *12 (S.D. Ill. June 14, 2021) ("[W]here a plaintiff alleges the defendant has violated 'the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, and *comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data,' the plaintiff has sufficiently pleaded an injury in fact

8

for purposes of Article III. This is because the 'unlawful retention of biometric data inflicts a privacy injury in the same sense that an unlawful collection does.'") (quoting *Fox*, 980 F.3d at 1149, 1154-55).

Here, Plaintiff alleges Amazon's failure to create a publicly available retention/ destruction policy: "For some or all of the Class Period, Amazon did not develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information to occur by the earlier of: (a) when the original purpose for collecting or obtaining such identifiers has been satisfied, or (b) within 3 years of the individual's last interaction with the private entity, as required by 740 ILCS 14/15(a)." Compl. ¶ 84. Plaintiff also alleges, however, that "[n]either Plaintiff nor the Class members suffered any injury as a result of the violations of BIPA § 15(a) other than the statutory aggrievement referenced above." Compl. ¶ 87.

Thus, Plaintiff makes the same allegations as the Plaintiff in *Bryant*. *See Bryant*, 958 F.3d at 619 (plaintiff alleges that, "[i]n violation of section 15(a) of BIPA, [defendant] never made publicly available a retention schedule and guidelines for permanently destroying the biometric identifiers and information it was collecting and storing"). Unlike the plaintiff in *Fox*, Plaintiff does not allege any failure to *comply with* a data retention/destruction policy or the unlawful retention of Plaintiff's biometric data. *See also Thornley*, 984 F.3d at 1247 (finding no Article III standing for § 15(c) claim and noting: "For our purposes, it is enough to say that this [§ 15(c)] is the same kind of general regulation as the duty to *create and publish* a retention and destruction schedule found in section 15(a), at least when the plaintiff asserts no particularized injury resulting from the commercial transaction") (citing *Bryant*, 958 F.3d at 626) (emphasis added).

9

Accordingly, based on binding Seventh Circuit precedent, Amazon has not satisfied its burden of establishing that the public harm alleged is the type of concrete, particularized injury necessary to satisfy Article III's requirements.

## II.     Plaintiff's § 15(c) Claim Should be Remanded.

Like § 15(a), § 15(c) also regulates entities "in possession" of biometric data:

> No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.

740 ILCS 14/15(c).

In *Thornley*, the plaintiffs filed a complaint in state court on behalf of themselves and as representatives of a putative class of Illinois citizens whose biometric identifiers or biometric information was in the defendant's possession "and who suffered no injury from Defendant's violation of Section 15(c) of BIPA other than statutory aggrievement."  984 F.3d at 1246.  The complaint further stated that none of the named plaintiffs, and no class member, "suffered any injury as a result of the violations of Section 15(c) of BIPA other than the statutory aggrievement alleged in Paragraph 38."  *Id.*  Clearview removed the case to federal court, but the district court remanded it, holding that the complaint "raised questions only about a general regulatory rule found in BIPA: no one may profit in the specified ways from another person's biometric identifiers or information."  *Id.*

Clearview appealed, asserting the Seventh Circuit should equate a person's potential injury from the sale of his or her data with the injury from retention of that data as in *Fox*, or the injury that occurs when a company fails to obtain written consent to collect the data, as recognized in *Bryant*.  *Id.* at 1247.

The Seventh Circuit disagreed, holding that the plaintiffs lacked Article III standing for their § 15(c) claim. The Court explained that the plaintiffs took care in their allegations to assert only "a general, regulatory violation, not something that is particularized to them and concrete." *Id.* at 1247-48. Because the plaintiffs were careful to allege only bare procedural violations rather than concrete and particularized harm to them individually, they were entitled to keep their claims in state court. *Id.* at 1248. The Seventh Circuit further explained that § 15(c) "addresses only the regulated entity—the collector or holder of the biometric data." *Id.* at 1247. For the Court, "it [wa]s enough to say that this is the same kind of general regulation as the duty to create and publish a retention and destruction schedule found in section 15(a), at least when the plaintiff asserts no particularized injury resulting from the commercial transaction." *Id.* (citing *Bryant*, 958 F.3d at 626). Thus, the Court concluded that plaintiffs lacked Article III standing for their § 15(c) claim:

> Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court. But in general, plaintiffs may do this. . . . And here, they may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury.

*Id.* at 1248-49. *See also Hazlitt*, 2021 U.S. Dist. LEXIS 110556 at *19-20 (remanding action in which plaintiffs alleged defendant violated § 15(c) when it used its facial recognition technology to sell more devices, advertise its software, and gain an edge over competitors, all in an effort to profit from the sale of its devices, because, in accordance with *Thornley*, the allegations constituted "nothing more than a regulatory violation").

11

Here, Plaintiff's allegations contain the regulatory violations and express disavowals of individual harm that were relevant in *Thornley*. Plaintiff alleges that Amazon "violated [§] 15(c) by selling, leasing, trading, or otherwise profiting [from] biometric identifiers and/or biometric information in its possession." Compl. ¶ 97. Plaintiff also alleges that she has suffered no injury as a result of the violation of § 15(c), other than statutory aggrievement. Compl. ¶ 100. Instead, she seeks relief only for Amazon's procedural violations of BIPA and seeks to represent a class of similarly-situated individuals who have only suffered statutory aggrievement. Compl. ¶ 70.

Thus, pursuant to *Thornley*, Plaintiff's § 15(c) claim should be remanded.

### III.  Plaintiff's § 15(d) Claim Should be Remanded.

The analysis under § 15(d) is the same as above. Like the sections above, § 15(d) regulates entities "in possession" of biometric information. The statute makes it unlawful for such an entity to "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information . . . consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier . . . ; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

Plaintiff alleges that Amazon "employs thousands of individuals around the world, including both full-time Amazon employees and third-party contractors, who have access to and listen to voiceprints, and information created therefrom, and review the transcriptions captured by Amazon's devices." Compl. ¶ 103. Further, "Amazon violated 740 ILCS 14/15(d) because Amazon disclosed, redisclosed, or disseminated its customers' biometric identifiers and/or

biometric information in its possession without receiving their consent. Nor did such disclosure, redisclosure, or dissemination complete a financial transaction authorized by the subject. Nor was the disclosure, redisclosure, or dissemination required by law or pursuant to a valid warrant or subpoena." Compl. ¶ 105.

As in *Thornley*, Plaintiff expressly alleges that she has suffered no injury as a result of the violation of § 15(d), other than statutory aggrievement (Compl. ¶ 108), seeks relief only for Amazon's procedural violations of BIPA (Compl. ¶ 107), and seeks to represent a class of similarly-situated individuals who have only suffered statutory aggrievement (Compl. ¶ 70).

Accordingly, Plaintiff's § 15(d) claim alleges "nothing more than a regulatory violation" without any allegation of particularized harm that resulted from the violation and it, therefore, should be remanded for lack of Article III standing.

### IV. Plaintiff's § 15(e) Claim Should be Remanded.

Section 15(e) likewise regulates standards by which entities "in possession" of biometric data must store that data.

> A private entity in possession of a biometric identifier or biometric information shall:
>
> (1) store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry; and
>
> (2) store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

740 ILCS 14/15(e).

As with the other counts, Plaintiff alleges a regulatory violation by Amazon related to its storage of biometric data in its possession. *See* Compl. ¶¶ 111-113. Here too, Plaintiff alleges

that she has suffered no injury as a result of the violation of § 15(e), other than statutory aggrievement (Compl. ¶ 116), seeks relief only for Amazon's procedural violations of BIPA (Compl. ¶ 115), and seeks to represent a class of similarly situated individuals who have only suffered statutory aggrievement (Compl. ¶ 70).

Pursuant to the principles discussed in *Bryant*, *Fox*, and *Thornley* as set forth above, Plaintiff's § 15(e) claim also alleges "nothing more than a regulatory violation" without any allegation of particularized harm that resulted from the violation. It should thus be remanded for lack of Article III standing.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that, pursuant to 28 U.S.C. §1447(c), this case be remanded to the Circuit Court of Madison County, Illinois, with the order of remand requiring the payment of costs, including attorneys fees, incurred as a result of the removal, and for such further relief as the Court deems just and proper.

Dated: September 24, 2021          Respectfully submitted,

        **GOLDENBERG HELLER & ANTOGNOLI, P.C.**

        */s/ Kevin P. Green*
        Kevin P. Green #06299905
        Thomas P. Rosenfeld #06301406
        Thomas C. Horscroft #06327049
        2227 South State Route 157
        Edwardsville, IL 62025
        618-656-5150
        kevin@ghalaw.com
        tom@ghalaw.com
        thorscroft@ghalaw.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, the foregoing was filed with the Court Clerk via the Court's electronic filing system and served on upon all counsel of record via the Court's electronic notification system.

/s/ Kevin P. Green