IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APRIL SCHAEFFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC,<br><br>Defendants. | Case No. 21-CV-01080-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter arises out of Illinois Biometric Information Privacy Act ("BIPA") claims originally brought in the Third Judicial Circuit Court, Madison County, Illinois, by Plaintiff April Schaeffer individually and on behalf of the putative class against Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively "Amazon") (Doc. 1-1). Schaeffer asserts that Amazon's Alexa device, a "virtual assistant," has recorded, stored, used, and disclosed her voiceprint—a biometric identifier—without complying with BIPA, 740 ILCS 14/1 *et seq.* (*Id.*). Amazon removed the case to this Court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) (Doc. 1-3). Schaeffer now moves to remand all her claims under BIPA back to the Third Judicial Circuit Court, stating that her claims lack standing for suit in federal court because she only alleged bare procedural violations, emphasizing that she excluded "claims related to the unlawful collection and retention of her data and, instead, asserts only claims related to Amazon's 'bare procedural violations' that have caused

her to be 'aggrieved' under BIPA" (Doc. 12, p. 2).

In the Complaint, Schaeffer alleged that Amazon violated § 15(a) of the statute because "Amazon did not develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information" (Doc. 1-1, p. 21). Schaffer further said that "[n]either Plaintiff nor class members suffered any injury as a result of the violations of BIPA § 15(a) other than the statutory aggrievement" (*Id.* at 22). Schaeffer stated that Amazon violated Section 15(c) of the statute "by selling, leasing, trading, or otherwise profiting biometric identifiers [sic] and/or biometric information in its possession" (*Id.* at 23). Schaeffer further stated that Amazon violated her rights under § 15(c), but also makes clear, again, that she did not suffer an injury because of the violation (*Id.* at 23-4). Schaeffer claimed that Amazon violated Section 15(d) of the statute "because Amazon disclosed, redisclosed, or disseminated its customers' biometric identifiers and/or biometric information in its possession without receiving their consent" (*Id.* at 24). Lastly, Schaeffer asserted that Amazon violated Section 15(e) of the statute because "Amazon has failed to store, transmit, and protect from disclosure the biometric identifiers and/or biometric information in its possession using the reasonable standard of care within the industry" and ". . . in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." (*Id.* at 25).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). However, if at any time following removal, subject matter jurisdiction is found lacking, "the case shall be remanded." 28 U.S.C. § 1447(c). Without Article III standing, federal courts have no authority to resolve a case for want of subject matter jurisdiction. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.,* 935 F.3d 573, 581 (7th Cir. 2019); *see also Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016).

The party seeking removal has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Allied-Signal*, 985 F.2d at 911); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Article III standing requires plaintiffs to suffer an actual or imminent, concrete and particularized injury-in-fact that is traceable to the defendant's conduct and

redressable by a favorable decision from the Court. *Cothron v. White Castle System, Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Bryant v. Compass Grp. USA, Inc.,* 958 F.3d 617, 620-21 (7th Cir. 2020)). Bare procedural violations separated from any concrete harm do not satisfy the injury-in-fact requirement. *Spokeo*, 136 S.Ct. at 1549. The violation of a procedural right, conferred by a statute, may sufficiently constitute an injury-in-fact. *Id.* A statutory violation, however, must present "an 'appreciable risk of harm' to the underlying concrete interest [the legislature] sought to protect by enacting the statute." *Bryant,* 958 F.3d at 621 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)).

## ANALYSIS

Application of the standard for a concrete and particularized harm to Schaeffer's claimed violations of BIPA in her Complaint is addressed by *Bryant* and its progeny.

### I. Section 15(a)

Section 15(a) requires covered private entities to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 ILCS 14/15(a). Section 15(a) also requires covered private entities to comply with that policy by retaining and destroying biometric information in accordance with the law. *Id.* Because the first of these duties is focused on the public generally, not to particular persons, a violation of just that part of § 15(a) is not an injury-in-fact under Article III because the resulting harm is not particularized. *See Cothron*, 20 F.4th at 1161; *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146, 1154–56 (7th

Cir. 2020); *Bryant*, 958 F.3d at 626. Where a plaintiff has been injured by a defendant's failure to comply with a policy, however, the resulting "unlawful retention of biometric data inflicts a privacy injury" sufficient to support the injury-in-fact requirement for Article III standing. *Fox*, 980 F.3d at 1154–56.

Schaeffer alleged that Amazon "did not develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." She also states that she did not suffer an injury. Through this pleading, Schaeffer made it clear that she is only asserting a bare procedural violation—the duty to develop policy and guidelines along with making them available to the public—separate from the concrete or particularized harm of non-compliance with a policy through, for example, unlawful retention of her information. Therefore, her § 15(a) claim does not satisfy the injury-in-fact requirement for Article III standing.

## II.     Section 15(c)

Section 15(c) restricts covered private entities in possession of biometric information from selling, leasing, trading, or otherwise profiting from that information. 740 ILCS 14/15(c). Like § 15(a) claims, to show an injury-in-fact under § 15(c), a plaintiff must allege a concrete and particularized injury separate from the statute's general prohibition. *See Cothron*, 20 F.4th at 1161 (citing *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1247 (7th Cir. 2021)). Standing might exist, for example, where a collector of biometric data has deprived a plaintiff of the opportunity to profit from their own information; the sale and dissemination of a plaintiff's data "amplified the invasion of . . . privacy that occurred when the data was first collected;"

or a defendant profiting from a plaintiff's biometric information raises their costs. *Thornley*, 984 F.3d 1241 at 1247. Absent these or other concrete and particularized harms, a plaintiff alleges "only a general, regulatory violation." *Id.* at 1248–49.

Schaeffer stated that Amazon sold, leased, traded, or otherwise profited from biometric identifiers and/or biometric information in its possession. She also states that she did not suffer an injury. While Schaeffer does generally claim that Amazon violated her rights to biometric privacy, nowhere does she allege that Amazon deprived her of an opportunity to profit from her information, sold her data, or that the transmission or dissemination of her biometric information amplified the invasion of her privacy. As a result, her § 15(c) claim does not satisfy the injury-in-fact requirement for Article III standing.

### III.  Section 15(d)

Section 15(d) restricts covered private entities from disclosing, redisclosing, or otherwise disseminating biometric information without consent. 740 ILCS 14/15(d). Unlike § 15(a) and (c), § 15(d) is more akin to 15(b)'s informed-consent requirements in that it does not impose duties owed only to the public generally, the violation of which do not, without more, confer standing. *See Cothron*, 20 F.4th at 1161 (citing *Thornley*, 984 F.3d at 1247, *Bryant*, 958 F.3d at 626). Accordingly, Schaeffer's § 15(d) claim does satisfy the injury-in-fact requirement for Article III standing.

### IV.  Section 15(e)

Section 15(e) provides that private entities must "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the

reasonable standard of care . . . and . . . in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e). Section 15(e) requires that when an entity in possession of biometric data takes actions regarding retention under § 15(a) or disclosure under § 15(d), it exhibits reasonable care and protects that information, at minimum, in the same way it protects other sensitive information. In this way, § 15(e) provides additional protective mechanisms for the retention and disclosure regimes which are separate from duties owed only to the public generally in the statute. Consequently, Schaeffer's § 15(e) claim does satisfy the injury-in-fact requirement for Article III standing.

## CONCLUSION

Wherefore, Plaintiff April Schaeffer's Motion to Remand (Doc. 12) is **GRANTED in part** and **DENIED in part**. The claims under BIPA § 15(a) and (c) are severed and remanded to the Third Judicial Circuit Court, Madison County, Illinois. Defendant Amazon.com, Inc. and Amazon.com Services, LLC's answer to the claims under BIPA § 15(d) and (e) in the Complaint are due on or before February 11, 2022.

**IT IS SO ORDERED.**

**DATED: January 21, 2022**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
